**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KATHRYN J. OLDHAM,
Plaintiff-Appellant,

v.

No. 95-2985

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CA-94-649-CV-2)

Submitted: February 13, 1997

Decided: February 27, 1997

Before WIDENER and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tomi W. Bryan, Lisa W. Bullard, TOMI BRYAN & ASSOCIATES,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Gill P. Beck, Assistant United States Attor-
ney, Arthur J. Fried, General Counsel, Randolph W. Gaines, Acting
Principal Deputy General Counsel, A. George Lowe, Acting Asso-
ciate General Counsel, Richard Fox, Office of the General Counsel,

SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kathryn Oldham appeals the decision of the district court adopting the recommendation of the magistrate judge, granting summary judgment to the Commissioner of Social Security, and upholding the denial of Oldham's application for disability insurance benefits and Supplemental Security Income. The Commissioner's decision denying benefits is based upon the finding that Oldham could perform her past relevant work, and thus was not disabled under the Social Security Act. Because we find that the Commissioner's decision is supported by substantial evidence, and that the correct law was applied, we affirm.

Oldham filed her application for social security disability benefits claiming disability since August 14, 1992, from the loss of her right kidney, and mental disability from longstanding depression and a personality disorder. A hearing was held before an administrative law judge (ALJ) on March 16, 1993. After a thorough review of the hearing testimony by Oldham and her witness, a vocational expert called by the ALJ, and the relevant medical evidence, the ALJ determined that Oldham could perform her past relevant work, and that Oldham's impairments were not disabling for purposes of the Social Security Act.

Oldham's basic claim on appeal is that the ALJ's decision is not supported by substantial evidence. She specifically claims that her condition deteriorated significantly after she last worked in 1990. In addition, Oldham claims that the ALJ: (1) should have found her dis-

2

abled pursuant to the provisions of Social Security Ruling (SSR) 85-15; (2) made unsupported findings in a Psychiatric Review Technique Form; (3) improperly relied on Cauthen v. Finch , 426 F.2d 891 (4th Cir. 1970); and (4) failed to determine the credibility of witness Hank Boschen.

The language of 42 U.S.C.A. § 405(g) (West Supp. 1996), requires that this Court uphold the Commissioner's decision that a claimant is not disabled so long as the correct law was applied and the decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Supreme Court has defined substantial evidence as "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is `substantial evidence.'" Hays v. Sullivan, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). This Court will not reweigh the evidence or substitute its judgment for that of the ALJ. Hays, 907 F.2d at 1456.

After considering Oldham's claims on appeal and a review of the record, we find that the ALJ properly evaluated the evidence in this case, including Oldham's subjective complaints, and made appropriate credibility and factual findings in accordance with relevant regulatory criteria and Fourth Circuit case law. In reaching this conclusion, we specifically find that the ALJ properly followed the provisions of SSR 85-15, that his findings in the Psychiatric Review Technique Form at issue were supported by substantial evidence, that his reliance on Cauthen v. Finch was proper, and that he properly considered all relevant evidence, including the testimony of witness Hank Boschen.

While there was some evidence supporting Oldham's claim of disability, because the Commissioner applied the correct legal standards, and the decision is supported by substantial evidence, we affirm the district court's order upholding the Commissioner's denial of Oldham's application for social security disability benefits. We dispense with oral argument because the facts and legal contentions are ade-

3

quately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4